ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL IV

| JUAN NÚÑEZ NIEVES | | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de San Juan |
|---|---|---|
| Recurrido | | |
| V. | TA2025CE00343 | |
| MARÍA I. BERRRIOS HERNÁNDEZ | | Civil Núm. KDI2015-0262 |
| Parte Peticionaria | | Sobre: Custodia |

Panel integrado por su presidenta, la Jueza Ortiz Flores, el Juez Bonilla Ortiz y la Jueza Martínez Cordero

Ortiz Flores, **Jueza Ponente**

## RESOLUCIÓN

En San Juan, Puerto Rico, a 26 de agosto de 2025.

Comparece ante nos la Sra. María I. Berrios Hernández (Sra. Berrios Hernández o parte peticionaria) mediante el presente recurso de *Certiorari* y nos solicita que dejemos sin efecto un acuerdo sometido por su representación legal. En el aludido acuerdo, la parte peticionaria alega que su representación legal estableció que las partes consentían a custodia compartida.

Adelantamos que, por los fundamentos que exponemos a continuación, denegamos expedir el recurso de *Certiorari* por falta de jurisdicción.

**I**

Los hechos ante nuestra consideración se deben a la presentación de un escrito sobre un acuerdo de custodia compartida, en el recurso KDI 20150262. La Sra. Berrios Hernández alegó que su representación legal, la Licenciada Emma Marie Lozada Ramírez (Lcda. Lozada Ramírez), presentó ante el Tribunal de Primera Instancia el referido acuerdo sobre custodia compartida sin previamente consultarlo con esta. Adujo que la Lcda. Lozada Ramírez incurrió en un error procesal, pues presentó un escrito sin su previa autorización y revisión. Arguyó que el acuerdo de custodia compartida era improcedente y no representaba una expresión válida de su voluntad, pues al momento de la radicación de este recurso la comunicación entre ambos progenitores era inexistente.

Por lo tanto, el 21 de agosto de 2025, la parte peticionaria acude ante nos mediante el presente recurso de *Certiorari* y nos solicita:

a) Que tome conocimiento del error de representación aquí expuesto.
b) Que determine que el acuerdo sometido carece de mi autorización y aprobación.
c) Que deje sin efecto el mismo por no cumplir con lo establecido en la Ley Núm. 223-2011.
d) Que se conceda cualquier otro medio que en derecho proceda.

Procedemos a resolver sin trámite ulterior, bajo lo dispuesto en la Regla 7 (B) (5) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII–B, R. 7 (B) (5), la cual nos permite "prescindir de términos no jurisdiccionales, escritos, notificaciones o procedimientos específicos en cualquier caso ante [nuestra] consideración, con el propósito de lograr su más justo y eficiente despacho".

## II

## A

El recurso de *certiorari* es un vehículo procesal extraordinario que le brinda autoridad a un tribunal de mayor jerarquía para revisar las determinaciones de un tribunal inferior. *Rivera et al. v. Arcos Dorados et al.,* 212 DPR 194, 207 (2023) que cita a: *McNeil Healthcare v. Mun. Las Piedras I*, 206 DPR 391, 403 (2021); *IG Builders et al. v. BBVAPR*, 185 DPR 307, 337-338 (2012). Aunque se trata de un recurso discrecional, existen unos parámetros que sirven de guía al momento de decidir si debemos, como foro revisador, expedir o denegar el auto. *IG Builders et al. v. BBVAPR*, *supra*. De esta forma, el asunto que se nos plantea en el recurso de *certiorari* debe tener cabida dentro de alguna de las materias reconocidas en la Regla 52.1 de las de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1 (Regla 52.1). En específico, la Regla 52.1 dispone lo siguiente:

> [...]
> El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de

decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciaros, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión. […]

Conforme a lo dispuesto en la anterior disposición legal y la jurisprudencia interpretativa, nos corresponde realizar un análisis dual para determinar si se expide o no un auto de *certiorari.* Este examen consta de una parte objetiva y otra parte subjetiva. Por ello, en primer lugar, tenemos que analizar si la materia contenida en el recurso de *certiorari* tiene cabida dentro de una de las materias específicas establecidas en la Regla 52.1, toda vez que ésta enumera taxativamente bajo qué supuestos se podrá expedir el auto de *certiorari*. En aquellos escenarios, en los que la materia no esté comprendida dentro de la citada regla, el tribunal revisor debe negarse a expedir el auto de *certiorari*.

Así las cosas, el primer examen al que debemos someter todo recurso de *certiorari* para determinar si debemos expedirlo es que debe tratar sobre alguna de las materias especificadas en la citada Regla 52.1 de Procedimiento Civil, *supra*. Este examen es mayormente objetivo. Por esto, se ha señalado que "los litigantes deben abstenerse de presentar recursos de *certiorari* para revisar órdenes y resoluciones de asuntos que no estén cobijados bajo las disposiciones de la Regla 52.1". Hernández Colón, *Derecho Procesal Civil*, 5ta ed., LexisNexis, San Juan, 2010, pág. 476.

Superada esta etapa, corresponde analizar si bajo la discreción concedida a este tribunal revisor mediante la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40 (Regla 40), debemos o no expedir el auto de *certiorari*. A esos fines, la Regla 40 establece los criterios que debemos tomar en consideración para determinar si expedimos o no un auto de *certiorari*, como sigue:

A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

B. Si la situación de hechos planteada es la más indicada para el análisis del problema.

C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Es decir, de acuerdo con lo dispuesto en la citada Regla 40, *supra*, debemos evaluar "tanto la corrección de la decisión recurrida, así como la etapa del procedimiento en que es presentada, a los fines de determinar si es la más apropiada para intervenir y no ocasionar un fraccionamiento indebido o una dilación injustificada del litigio." *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 97 (2008) que cita a *Negrón v. Srio. de Justicia*, 154 DPR 79 (2001). Así pues, la discreción judicial "no se da en un vacío ni en ausencia de otros parámetros",[1] sino que como Tribunal revisor debemos ceñirnos a los criterios antes citados. Si luego de evaluar los referidos criterios, este tribunal decide no expedir el recurso, podemos fundamentar nuestra determinación, mas no tenemos la obligación de así hacerlo.[2]

**B**

Es norma conocida en nuestro ordenamiento jurídico que los tribunales debemos ser celosos guardianes de nuestra jurisdicción. *Souffront v. A.A.A.*, 164 DPR 663, 674 (2005) Cuestionada esta, nos corresponde como deber ministerial realizar un análisis riguroso sobre nuestra jurisdicción, pues de esta depende nuestra autoridad para adjudicar la controversia que se nos presenta. *Id.* La ausencia de jurisdicción es, simplemente, insubsanable. *Id.* Por lo tanto, cuando un

---

[1] *IG Builders et al. v. BBVAPR*, *supra* que cita a *Rivera Figueroa v. Joe's European Shop*, 183 DPR 580, 596 (2011).
[2] 32 LPRA Ap. V, R. 52.1.

tribunal determina que no tiene la autoridad para atender un recurso, solo puede así declararlo y desestimar el caso. *Caratini v. Collazo Syst. Análisis, Inc.*, 158 DPR 345, 355 (2003).

Las cuestiones relacionadas con la jurisdicción de un tribunal deben ser resueltas con preferencia a cualquier otro asunto. *Pérez Rosa v. Morales Rosado*, 172 DPR 216, 222 (2007). En aquellas instancias en las que un tribunal dicta sentencia sin tener jurisdicción sobre la persona o sobre la materia, su determinación es jurídicamente inexistente. *Empress Hotel, Inc. v. Acosta,* 150 DPR 208, 212 (2000). Es decir, constituye una actuación ilegítima que un foro judicial adjudique un recurso sobre el cual carece de jurisdicción para entender en el mismo. *Id.* Así pues, el Tribunal Supremo de Puerto Rico ha señalado que como celosos guardianes de nuestra jurisdicción los tribunales venimos obligados a considerar, *motu propio* o a petición de parte, todo asunto relacionado a la misma; pues no poseemos discreción para asumir jurisdicción donde no la hay. *Romero Barceló v. ELA*, 169 DPR 460, 470 (2006). Así, este Tribunal está facultado para desestimar, a iniciativa propia, un recurso por cualquiera de los siguientes fundamentos:

> **1. que el Tribunal de Apelaciones carece de jurisdicción**;
>
> 2. que el recurso fue presentado fuera del término de cumplimiento estricto dispuesto por ley sin que exista justa causa para ello;
>
> 3. que no se ha presentado o proseguido con diligencia o de buena fe;
>
> 4. que el recurso es frívolo y surge claramente que no se ha presentado una controversia sustancial o que ha sido interpuesto para demorar los procedimientos;
>
> 5. que el recurso se ha convertido en académico. (Énfasis nuestro.) 4 LPRA Ap. XXII-A, R. 83 (B).

## III

Luego de evaluar el escrito presentado ante nuestra consideración[3], tomando en cuenta los requisitos establecidos en la Regla 52.1 de

---

[3] En primer lugar, el recurso ante nuestra consideración no emana de alguna Resolución u Orden emitida por el Tribunal de Primera Instancia.

Procedimiento Civil, *supra*; la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*; y lo dispuesto en la Regla 83 (B) (1) del Reglamento del Tribunal de Apelaciones, *supra*, concluimos que carecemos de jurisdicción para atender el asunto por el cual recurre la parte peticionaria.[4]

**IV**

Por lo antes expuesto, denegamos expedir el recurso de *Certiorari* por falta de jurisdicción.

**Notifíquese inmediatamente**.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[4] Comprendemos que este foro no es el adecuado para dilucidar controversias sobre las presuntas actuaciones llevadas a cabo por la representación legal de la parte peticionaria. De existir algún reclamo, si alguno, el foro con jurisdicción es el Tribunal Supremo de Puerto Rico.